IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHAWN BROWN                          :
300 South Lemon Street               :
Media, PA 19063                      :
                                     :
          v.                         :   Civil Action No.
                                     :
SAMEERAH MUHAMMAD                    :
Senior Case Manager                  :
Kintock-Erie                         :
301 East Erie Avenue                 :   JURY TRIAL DEMANDED
Philadelphia, PA 19134               :

**COMPLAINT**

**Jurisdiction**

1.  This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C.  1331 and 1343 (1),(3),(4) and the aforementioned statutory provision.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C.  1367(a) to hear and adjudicate state law claims.

**Parties**

2.  Plaintiff, Shawn Brown, is an adult individual residing at 300 South Lemon Street, Borough of Media, Delaware County, Pennsylvania 19063.

3.  At all times relevant hereto, Defendant Muhammad was acting as an agent, servant, workmen and employee of the Kintock Group acting in the scope of her authority.

4. Defendant, Sameerah Muhammad, at all times relevant hereto, was a Senior Case Manager employed by the Kintock Group working out of the Kintock-Erie facility, a residential treatment facility providing employment and vocational support services for parolees referred by the Pennsylvania Department of Corrections and the Pennsylvania Broad of Probation and Parole. At all times relevant hereto, Defendant Muhammad was acting under color of state law.  She is being sued in her individual capacity.

5.  At all relevant times, Defendant by her actions deprived Plaintiff, Shawn Brown, of his constitutional and statutory rights as hereinafter described.

**Factual Allegations**

6.  On or about December 30, 2021 Plaintiff Shawn Brown was being housed at Kintock-Erie, a part of the Kintock Group which was working under a contract with the Pennsylvania Department of Corrections to provide employment and vocational support services for individuals such as Plaintiff who had been paroled by the Pennsylvania Board of Probation and Parole.

7.  More specifically, on November 5, 2021 Plaintiff was released from State Correctional Institution (SCI) Smithfield on parole and transferred to Kintock-Erie.  Kintock-Erie is colloquially known as a half-way house where inmates on parole

2

from the Pennsylvania Department of Corrections are sent for evaluation, mental health treatment and vocational assistance.

8.   On December 30, 2021 Defendant Muhammad received a statement from another parolee being housed at Kintock named Stephen Sorrentino.  Mr. Sorrentino alleged that he had been threatened by Plaintiff in a hallway at the Kintock-Erie facility on December 28, 2021 in the early afternoon hours. However, Ms. Muhammad knew that Plaintiff was not even in the facility at that time and indeed was off-site working. Therefore, Defendant Muhammad knew that Sorrentino's allegations were false.

9.   Despite the fact that Defendant Muhammad knew that Sorrentino's allegation made against Plaintiff was false, she reported the allegation that Plaintiff had threatened another parolee to the Pennsylvania Department of Corrections. Defendant Muhammad knew that the allegations were false and knew when she made the report to the Pennsylvania Department of Corrections that that would directly cause Plaintiff's parole to be violated.  More specifically, if Plaintiff were to have threatened an employee or other persons with bodily harm, that would be a violation of his conditions of his parole.  Defendant Muhammad knew this and she made the allegation and sent the allegation to the Pennsylvania Department of Corrections with

3

malice, knowing the allegation was false and would cause Plaintiff to be arrested and committed to a State Correctional Institution.

10.   Solely as a result of the false report made by Defendant Muhammad to the Pennsylvania Department of Corrections, on December 30, 2021 the Department of Corrections issued a warrant to commit and detain Plaintiff.  As a result of that warrant which was caused to be issued by the actions and failure to act on the part of Defendant Muhammad, Plaintiff was taken into custody by the Pennsylvania Department of Corrections and held as an inmate at SCI Smithfield from December 30, 2021 to March 24, 2022.  On or about March 24, 2022 Plaintiff had a hearing before the Pennsylvania Board of Probation and Parole concerning the allegations made by Defendant Muhammad. Following that hearing, the Pennsylvania Board of Probation and Parole found in Plaintiff's favor and determined he had not threatened anyone and therefore did not violate any condition of his parole and the Board of Probation and Parole ordered Plaintiff's release from SCI Smithfield.

11.   Despite Defendant Muhammad knowing that the allegations against Plaintiff were false, Defendant Muhammad, with malice and deliberate indifference failed to take any of the necessary steps to ensure that these false allegations against Plaintiff

4

were corrected and further by causing a warrant to be issued caused Plaintiff to be illegally seized and incarcerated for 84 days in violation of the Fourth Amendment to the United States Constitution.

**FIRST CAUSE OF ACTION**
**FOURTH AMENDMENT VIOLATION**
**AGAINST DEFENDANT SAMEERAH MUHAMMAD**

12.  Plaintiff Shawn Brown incorporates by reference paragraphs 1 through 11 of the instant Complaint.

13.  As a direct and proximate result of Defendant Sameerah Muhammad's conduct, committed under state law, Plaintiff Shawn Brown, was deprived of his right to be free from false arrest and malicious prosecution and to be secure in his person and property.  As a result, Plaintiff Shawn Brown suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular, the Fourth Amendment thereof, and 42 U.S.C. § 1983.

14.  The acts and omissions of the Defendant as herein stated caused Plaintiff severe anxiety, humiliation, embarrassment and emotional distress.

15.  As a direct and proximate result of the act of Defendant Sameerah Muhammad, Plaintiff Shawn Brown sustained emotional harm, loss of liberty and financial losses, all to his detriment and harm.

## SECOND CAUSE OF ACTION
## AGAINST SAMEERAH MUHAMMAD
## FOR STATE TORT OF FALSE ARREST AND MALICIOUS PROSECUTION

16.  Plaintiff Shawn Brown incorporates by reference paragraphs 1 through 15 of the instant Complaint.

17.  The acts of Defendant Sameerah Muhammad in this cause of action constitute false arrest, malicious prosecution and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff Shawn Brown requests the following relief:

a.  Compensatory damages;

b.  Punitive damages;

c.  Reasonable attorney's fees and costs;

d.  Such other and further relief as appears reasonable and just; and

e.  A jury trial as to each Defendant and as to each count.

6

**PATRICK G. GECKLE, LLC**

By: _____
Patrick G. Geckle
Attorney ID No. 26718
PATRICK G. GECKLE, LLC
1515 Market Street, Ste. 1200
Philadelphia, PA 19102
(215) 735-3326 - phone
(215) 689-2803 - fax
Email: pgeckle@pgglaw.com

Counsel for Plaintiff