IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN BROWN,<br><br>*Plaintiff,*<br><br>v.<br><br>SAMEERAH MUHAMMAD,<br><br>*Defendant.* | Case No. 2:23-cv-05155 |

**MEMORANDUM**

Not everyone who works in a government-funded program acts under color of state law. Sameerah Muhammad worked at a privately owned halfway house, and she relayed to the Pennsylvania Department of Corrections a complaint that one resident made about another. That wasn't government action, so I will dismiss Shawn Brown's complaint against Ms. Muhammad. I will, however, give Mr. Brown a chance to allege any additional facts that he might have to cure the flaws with his pleading.

I.   **BACKGROUND**

Mr. Brown was paroled from the State Correctional Institution (SCI) Smithfield on November 5, 2021, and transferred to Kintock-Erie, a residential treatment facility that the Kintock Group operates. Ms. Muhammad was a Senior Case Manager at Kintock-Erie. Kintock Group operates Kintock-Erie under a contract with the Pennsylvania Department

of Corrections ("DOC") to provide parolees with employment, vocational support, and mental health treatment.

On December 30, 2021, Ms. Muhammad received a written statement from another parolee alleging that Mr. Brown threatened him with bodily harm if he did not pay Mr. Brown $600 per week. Mr. Brown was not present at the facility during the alleged incident, so he claims that Ms. Muhammad knew the allegations were false. Ms. Muhammad nonetheless reported the threat to DOC. DOC issued and executed a warrant for Mr. Brown's detention. From December 30, 2021, to March 24, 2022, authorities detained Mr. Brown at SCI Smithfield while he awaited a hearing before the Pennsylvania Board of Probation and Parole. At the hearing, the Board found in Mr. Brown's favor, determining that he had not violated any conditions of his parole, and ordered his release.

Mr. Brown filed this lawsuit on December 28, 2023, asserting claims under 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment rights, as well as state-law tort claims of false arrest and malicious prosecution. On May 29, 2024, Ms. Muhammad filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and set forth affirmative defenses of qualified and sovereign immunity. That Motion is ripe for review.

II.     **LEGAL STANDARD**

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). Judges must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Connelly*, 809 F.3d at 790 (citation omitted). However, the tenet that I must "accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I am not required "to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III.   DISCUSSION

### A.   Section 1983

To state a claim under 42 U.S.C § 1983, Mr. Brown must allege the violation of a right secured by the Constitution or the laws of the United States and show that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Couden v. Duffy*, 446 F.3d 483, 499 (3d Cir. 2006). Ms. Muhammad does not work for the government; she is a private person who works for a private entity, The Kintock Group.

A private actor can act under color of state law if her conduct is "fairly attributable" to the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). To determine whether state action exists in such a circumstance, courts consider "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (cleaned up). This determination is always a fact-specific inquiry. *See Crissman v. Dover Downs Ent. Inc.*, 289 F.3d 231, 234 (3d Cir. 2002) (*en banc*). Additionally, "[a]cts of private contractors do not become acts of the State simply because they are performing public contracts." *Boyle v. Governor's Veterans Outreach & Assistance Ctr.*, 925 F.2d 71, 76 (3d Cir. 1991). Instead, there must be "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017).

Mr. Brown asserts that Kintock-Erie is a private entity working under a contract with DOC and that Ms. Muhammad was a Kintock Group employee at the time in question. But that's not enough to establish action that one could fairly attribute to the state. In similar situations, courts have rejected the contention that a private actor acts under color of state law just because she participates in a government-funded, government-regulated

4

program. *See Blum v. Yaretsky*, 457 U.S. 991, 1011 (1982) (nursing home); *Rendell-Baker*, 457 U.S. at 840-41 (public school). A panel of the Third Circuit, in an unpublished opinion that I find persuasive, reached the same conclusion concerning a halfway house employee in *Daniels v. Nw. Hum. Servs.*, No. 20-1736, 2021 WL 4166285, at * 2 (3d Cir. Sept. 14, 2021); *see also Concepcion v. Kinch*, No. 21-CV-3434, 2022 WL 103351, *1-3 (E.D. Pa. Jan. 11, 2022). And in *Carey v. Cont'l Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987), the Tenth Circuit held that a private actor did not engage in state action by calling the police, even though the call resulted in the individual's arrest.

These decisions make sense. Anyone can make a report to a government agency like DOC, and the government agency can investigate or not, as it chooses. Contacting a government agency to report misconduct does not constitute state action, even when the person making the report works for a government contractor. Those complaints are not the traditional prerogative of the government. State officials don't help the private individual make the complaint, they don't act in concert with that person, and they aren't intertwined with the complaining party.

Given all of this, Mr. Brown's complaint falls short of what he must plead. The facts don't establish that Ms. Muhammad acted under color of state law when she reported the complaint to DOC. I will therefore dismiss his Section 1983 claim.

### B. State Law Claims

Having dismissed Mr. Brown's federal question claims, I cannot exercise supplemental jurisdiction over his state tort claims. Under Third Circuit law, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). (quotation omitted) (emphasis in original). I do not find any unusual circumstances in this case that would lead me to decide Mr. Brown's remaining state law claims. If Mr. Brown files an amended complaint, he may include his state law claims, and I will address them if I determine that a federal question can survive a motion to dismiss.

### IV. CONCLUSION

I will dismiss Mr. Brown's claims. He has not pled facts to establish that Ms. Muhammad acted under color of state law, and I will not exercise supplemental jurisdiction over his state law claims. I will give Mr. Brown 28 days to file an amended complaint to address the deficiencies in his current complaint. If he has more facts to establish Ms. Muhammad's status as a state actor, he should include them. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

July 10, 2024